IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP J. QUINTANA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>THE ROAD HOME SHELTER, WEIGAND CENTER, SALT LAKE CITY POLICE DEPARTMENT, SAFE HAVEN,<br><br>　　　　　　　　Defendants. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**<br><br>Case No. 2:16-cv-00443-CW-BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

　　　　Plaintiff Phillip J. Quintana brings this action against The Road Home Shelter, Weigand Center, Salt Lake City Police Department, and Safe Haven.[1] Plaintiff, proceeding *pro se*, was allowed to proceed *in forma pauperis*.[2] On October 19, 2016, this case was referred to Magistrate Judge Brooke Wells by District Judge Clark Waddoups.[3]

　　　　Under the *in forma pauperis* Statute (the "IFP Statute"), the Court shall, at any time, *sua sponte* dismiss a case if the Court determines the complaint is frivolous or fails to state a claim upon which relief can be granted.[4] The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

---

[1] Docket no. 6.

[2] Docket no. 5.

[3] Docket no. 9.

[4] *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

contentions are clearly baseless."[5]  Therefore, before authorizing service of process of Plaintiff's Complaint, the Court must satisfy itself that the Complaint is sufficient to proceed.

On review of the Complaint, the Court cannot satisfy itself that the Complaint is sufficient to proceed.  The Complaint does not comply with the Federal Rules of Civil Procedure Rule 8(a)(2) which requires that a pleading for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."[6]  First, the facts as alleged are not clear and do not link individual defendants with conduct sufficient to sustain a claim.  It is unclear "exactly *who* is alleged to have done *what* to *whom*."[7]  Specifically, Plaintiff does not mention the Weigand Center, the Salt Lake Police Department, or Safe Haven in his Complaint.  The only defendant mentioned is The Road Home Shelter.  Second, Plaintiff does not state how he has been injured by the actions of the defendants; in fact, he claims no injury on page 5 of the Complaint.  Finally, the relief requested is unintelligible.

The Court will allow Plaintiff to re-plead his Complaint and to conform it to the obligations outlined above.  Plaintiff is instructed that his Complaint must clearly state each individual defendant's conduct that was tortious or that violated Plaintiff's civil rights.  Further, Plaintiff is directed to "make clear exactly *who* is alleged to have done *what* to *whom*."  If Plaintiff fails to timely cure the above deficiencies according to the instructions here, the Magistrate Judge will recommend that this action be dismissed without further notice.

---

[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Stone v. Albert*, 338 Fed.Appx. 757, 759 (10th Cir. 2009) (emphasis in original) (*quoting Robins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

## ORDER

Based on the foregoing, the Court hereby RECOMMENDS that

1) Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE, but shall be given thirty (30) days after adoption of this Report and Recommendation to cure the deficiencies noted above; and

2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigation Guide.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[8] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[9] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 25 April 2017.

Brooke C. Wells
United States Magistrate Judge

---

[8] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[9] *Id.*